IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 04-4046-CR-C-NKL |
| RENE AUGUST MALCUIT, JR., | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER

On February 21, 2006, United States Magistrate Judge William A. Knox recommended that the Court enter an Order denying Rene August Malcuit, Jr.'s ("Malcuit") Motion to Suppress. *See* Report and Recommendation [Doc. # 28]. The R&R reminded the parties that they had ten days from the date they received the R&R to file objections. Malcuit, though his attorney, filed an objection on March 6, 2006, for the purposes of preserving his appeal, but he points to no specific error in Judge's Knox's Report and Recommendation. Having conducted an independent review of the record, the Court concludes that Judge Knox's Report and Recommendation should be adopted.

The R&R found that Pettis County Sheriff Officers were executing a valid search warrant at the rural home of Stephen Lindsey ("Lindsey"), on McVey Road in Pettis County, on the evening of April 29, 2004. The warrant had issued on the basis of three

1

confidential informants' information that Lindsey was manufacturing methamphetamine out of his mobile home, and that there was frequent stop-an-go traffic at Lindsey's home, with visitors staying for less that five minutes. Upon searching Lindsey's home, officers discovered evidence of drug trafficking and Lindsey subsequently admitted that he sold methamphetamine out of his home.

Officers, on the front stoop of Lindsey's mobile home, noticed an SUV turn into the private lane leading to Lindsey's residence. When the SUV's headlights struck the police vehicles, the officers observed that the SUV paused and then turned around. Police Captain Carr instructed Deputy Lorenz to stop the SUV and identify the driver. When he did so, Deputy Lorenz could plainly see through the SUV's back window two white propane tanks and a long black hose curled around the tops of the tanks. Based upon his training and experience, Deputy Lorenz recognized the tanks and hose as equipment commonly used to steal anhydrous ammonia for the production of methamphetamine. After ascertaining that the SUV was being driven by Malcuit, Deputy Lorenz contacted Captain Carr and informed him of the drug paraphernalia in Malcuit's possession. Captain Carr directed Deputy Lorenz to take Malcuit into custody. A search of Malcuit's vehicle incident to his arrest turned up a 9mm pistol and numerous items related to the theft of anhydrous ammonia. Malcuit was *Mirand*ized and subsequently acknowledged the pistol and the drug paraphernalia.

Malcuit moved to suppress the evidence found in his SUV on the grounds that the police lacked reasonable suspicion that criminal activity was afoot to justify the traffic

stop. Reviewing the record of the suppression hearing conducted by Judge Knox on January 24, 2006, the Court concurs with Judge Knox that Deputy Lorenz conducted a valid *Terry* stop supported by reasonable suspicion.

Captain Carr who directed the stop possessed information that Lindsey was engaged in the production and sale of methamphetamine out of his home. He also possessed information of frequent stop-and-go traffic at the Lindsey residence. Malcuit had turned onto a private lane on which there were only two houses. He had already passed up the first drive to Lindsey's neighbor's house when he spotted the police and paused. If Malcuit were simply intending to visit a friend at the Lindsey residence when he encountered police outside, he likely would have continued on to ascertain whether his friend was okay. Instead he turned around and drove away. Taken together with the information contained in the search warrant about frequent short visits to the Lindsey home, and the recent admission by Lindsey that he was engaged in criminal activity, Captain Carr and Deputy Lorenz had a reasonable and particularized objective basis to suspect that the driver of the SUV was also engaged in criminal activity. The stop of Malcuit's vehicle was supported by reasonable suspicion.

Accordingly, it is hereby

ORDERED that Judge Knox's Report and Recommendation of February 21, 2006, is adopted.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

Dated: March 23, 2006

Jefferson City, Missouri